Abraham **GLUCKSMAN** and Esther Glucksman, Plaintiffs,

v.

**FIRST FRANKLIN FINANCIAL CORPORATION** and Fairfield Financial Mortgage Group, Inc., Defendants.

No. 08–CV–00178 (RRM)(VVP).

United States District Court, E.D. New York.

March 6, 2009.

Randall S. Newman, Newman & Associates, P.C., New York, NY, for Plaintiffs.

Jordan W. Siev, Scott S. McKessy, Joseph Benjamin Teig, Reed Smith LLP, Scott Warren Bermack, Callan, Regenstreich, Koster & Brady, New York, NY, for Defendants.

### MEMORANDUM & ORDER

MAUSKOPF, District Judge.

Plaintiffs Abraham and Esther Glucksman sue Defendants First Franklin Financial Corporation ("First Franklin") and Fairfield Financial Mortgage Group, Inc. ("Fairfield Financial") under the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and Regulation Z, 12 C.F.R. § 226 ("Regulation Z"), in connection with the Glucksmans' refinancing of their mortgage. First Franklin moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons below, the motion is DENIED.

### BACKGROUND

As set forth in the Complaint, on March 8, 2006, the Glucksmans refinanced the mortgage on their primary residence, with First Franklin as mortgagee, increasing the mortgage from $403,750 to $526,000. Because of the mortgage's adjustable rate, the monthly mortgage payments rose from $3,235.78 at closing to $5,212.35 in January 2008. When the Glucksmans fell behind in their payments, First Franklin's attorneys, by letter dated December 19, 2007, notified them that the mortgage was in default, that the loan had been placed on "special status," and that they should "contact [the attorneys'] office to resolve all matters relating to this mortgage and any foreclosure proceedings thereunder ..." First Franklin also reported the status of the Glucksmans' mortgage to credit reporting agencies as "Foreclosure initiated."

On January 14, 2008, the Glucksmans filed the instant complaint, seeking, *inter alia*, a declaratory judgment allowing them to rescind the refinancing transaction because of First Franklin's alleged (1) under-disclosure of finance charges and/or (2) failure to give them a Notice of Right to Cancel ("NRC").[1]

### DISCUSSION

A federal court's task in determining the sufficiency of a complaint is "necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The inquiry focuses not on wheth-

---

1. Plaintiffs also sued Fairfield Financial, the mortgage broker, for breach of fiduciary duty. Fairfield Financial does not move to dismiss here.

er a plaintiff might ultimately prevail, but on whether he is entitled to offer evidence in support of the allegations in the complaint. *See id.* "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Id.* Dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.,* 128 F.3d 59, 62–63 (2d Cir.1997). The Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in favor of the Glucksmans. *See Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994).

## A. Understatement of Finance Charges

The Glucksmans first argue that they can rescind the transaction because First Franklin understated the refinancing finance charges by at least $685. First Financial counters that, even if the charges are understated, TILA permits this understatement here and that dismissal is therefore warranted. The disagreement turns on which section of TILA applies. First Franklin points to TILA § 1605(f)(2), which allows understatements of up to one-half (½) of one (1) percent of the total credit extended, would permit an understatement of up to $2,632.50 on the Glucksmans' $526,000 mortgage, and thus would not create a right of rescission here. Plaintiffs argue that they are exempted from this general rule by TILA § 1635(i)(2), which allows only a $35 understatement "after the initiation of any judicial or nonjudicial foreclosure process."

■ The Glucksmans state a viable claim for relief. Viewing the allegations in the light most favorable to the plaintiffs, the Complaint rests on an allegation that a judicial foreclosure process[2] was commenced against the property,[3] thus reducing the rescission tolerance level to $35. The fact that First Franklin did not file a Summons and Complaint for foreclosure is not dispositive. The question is not whether that a judicial foreclosure *action* was commenced but whether a judicial foreclosure *process* was.[4] The Court need not determine here whether and when the foreclosure process actually began; these are questions of fact better left to examination after discovery.

---

**2.** First Franklin cannot have begun a nonjudicial foreclosure on the Glucksmans' property because state law does not permit nonjudicial foreclosure on one-family residential dwelling. *See* N.Y. Real Prop. Acts. Law § 1401 (2008) (nonjudicial foreclosures limited to commercial properties and residential properties with six or more units). Even if the Glucksmans' property were subject to § 1401, a non-judicial proceeding must be initiated by a notice of pendency, which the Glucksmans do not allege that First Franklin issued. *See generally* Bergman on New York Mortgage Foreclosures § 8.03.

**3.** *See* Complaint, p. 9 ("the Plaintiffs ... respectfully request that the court enter judgment against the Defendants as follows: ... (f) Enjoin the Defendants during the pendency of this action ... from prosecuting or

*maintaining* foreclosure proceedings on the Plaintiff's [sic] Property") [emphasis supplied].

**4.** The Court disagrees with First Franklin's assertion that the Glucksmans conceded that no judicial foreclosure process was initiated. Plaintiffs stated that "[w]hile [we] concede that the Defendant did not file a Summons and Complaint for foreclosure, the statute does not require that judicial foreclosure be initiated, the statute requires that 'judicial *or nonjudicial* foreclosure *process*' be initiated." [emphasis in original] Although this sentence is amenable to First Franklin's interpretation, the phrasing is ambiguous and does not rule out the possible allegation that although judicial foreclosure had not been initiated, the judicial foreclosure *process* had been.

## B. Receipt of the Notice of Right to Cancel

■ The Glucksmans also argue that they have an ongoing right of rescission because First Franklin allegedly did not provide two (2) copies of the NRC at closing clearly and conspicuously disclosing the transaction's March 11, 2006 rescission deadline. *See* 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(3) ("[i]f the required notice [of right to rescind] or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation...."). Moving to dismiss, First Franklin claims that the NRCs were timely delivered and that any rescission rights were extinguished long ago.[5] Viewing the Glucksmans' allegations in the most favorable light, as this Court must, First Franklin's failure to deliver the NRCs would, if proven, provide a basis to rescind the transaction.

First Franklin appears to argue that because the Glucksmans do not dispute that they executed NRC delivery receipts at closing, they have necessarily failed to state a claim upon which relief may be granted. Although an executed delivery receipt is a hurdle to Plaintiffs' ultimate success on the merits, it is not an absolute bar to relief, but establishes only a presumption of delivery which may be rebutted upon a sufficient evidentiary showing. *See* 15 U.S.C. § 1635(c) ("... written acknowledgment of receipt of any disclosures required under his subchapter ... does no more than create a rebuttable presumption of delivery thereof ..."). Regardless of the evidentiary showing necessary to overcome the presumption of delivery, however, the sufficiency of the Glucksmans' evidence is not relevant on a motion to dismiss.

The cases cited by First Franklin in support of their argument are inapposite and unconvincing. Some cases are distinguished by their facts, such as an admission by plaintiffs that they received the NRCs, *see, e.g., Colanzi v. Savings First Mortg.,* Civil Action No. 07–3632, 2008 WL 161170, at *2 (E.D.Pa. Jan. 16, 2008) ("[p]laintiffs admit that they received copies of the forms which contained the material disclosures"), and others by their procedural posture. *See, e.g., Williams v. First Gov't Mortg. & Investors Corp.,* 225 F.3d 738, 751 (D.C.Cir.2000) (post-trial dismissal of plaintiff's TILA claim). First Franklin provides no cases where a motion to dismiss has been granted on similar facts, and instead relies heavily on the argument that because courts have granted summary judgment in the face of similar arguments, the Court should reject such arguments here on a motion to dismiss.

The Court rejects this conclusion given the different burdens of proof and different legal standards applicable in these contexts. A motion for summary judgment typically involves consideration of a more fully-developed record and requires a determination whether there is a genuine issue of material fact for trial, whereas the key question on a motion to dismiss is the theoretical feasibility of a claim. *See Century Pacific, Inc. v. Hilton Hotels Corp.,* 574 F.Supp.2d 369, 373 (S.D.N.Y.2008). A movant under Rule 12(b)(6) faces a far

---

**5.** First Franklin argues that the Glucksmans' respective Declaration testimony equivocates on the Complaint's allegation that NRCs were not actually delivered. First Franklin apparently objects to a perceived shift in the Glucksmans' theory of liability from a "failure to deliver" theory to an alternative theory alleging delivery of legally defective or insufficient NRCs in violation of TILA's requirements. Even if true (an assertion belied by First Franklin's own motion to dismiss, *see* Motion to Dismiss, p. 4), because both theories adequately state a claim for relief, *see* 12 C.F.R. § 226.23(a)(3), the Court fails to see the relevance of that shift upon a motion to dismiss.

greater burden than one seeking summary judgment. *See, e.g., McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir.2004). First Franklin flatly fails to meet this burden. Failure to provide NRCs qualifies as a viable basis for rescission, and First Franklin does not show why it would not.[6]

Although the Court reserves judgment on whether Plaintiffs' claim would survive summary judgment on the present record, there is no doubt that it survives this motion to dismiss.

## CONCLUSION

First Franklin's motion to dismiss is hereby DENIED.

SO ORDERED.

---

**6.** In any event, courts are far from unanimous even in concluding that summary judgment is appropriate in this context; there are numerous counterexamples of courts denying motions for summary judgment made under similar circumstances, with similar evidentiary support. *See, e.g., Macheda v. Household Fin. Realty Corp. of N.Y.,* No.5:04–CV–325, 2008 WL 2562003, at *8 (N.D.N.Y. Jun. 26, 2008); *Hammox v. Heartland Home Finance, Inc.,* No. 4:04–CV–113, 2005 WL 1130347, at *2 (E.D.Tenn. May 13, 2005); *Cooper v. First Gov't Mortg. & Investors Corp.,* 238 F.Supp.2d 50, 64–65 (D.D.C.2002); *Hanlin v. Ohio Builders & Remodelers, Inc.,* 212 F.Supp.2d 752, 762 (S.D.Ohio 2002); *In re Meyer,* 379 B.R. 529, 545–46 (Bankr.E.D.Pa.2007).